UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA, et al, <br><br>         Plaintiffs, <br><br>vs. <br><br>PATTON & PATTON MARBLE & GRANITE, INC., a Nevada corporation; SHEREE PATTON, individually; BILLY PATTON, individually; and ROBERT TURNER, individually, <br><br>         Defendants. | 2:10-cv-01867-ECR-RJJ <br><br>MINUTES OF THE COURT <br><br>DATE: August 12, 2011 |

PRESENT:     EDWARD C. REED, JR.                              U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN           Reporter:     NONE APPEARING

Counsel for Plaintiff(s)                    NONE APPEARING

Counsel for Defendant(s)                    NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

     Now pending are Defendants Billy Patton and Robert Turner's Motion to Dismiss Individual Defendants (#9), Plaintiffs' Motion for Summary Judgment (#26), and Plaintiffs' Motion for Default Judgment against Sheree Patton (#27).

     On October 25, 2010, Plaintiffs filed suit (#1) against Billy Patton, Sheree Patton, Patton & Patton Marble & Granite, Inc. ("Patton & Patton"), and Robert Turner for breach of contract, breach of fiduciary duties, and misappropriation of trust assets.  Defendants were served on or by November 5, 2010 (##5,6,7,8).  On November 22, 2010, Defendants Billy Patton, Patton & Patton, and Robert Turner filed a Motion to Dismiss Individual Defendants (#9).  On November 22, 2010, Defendant Patton & Patton filed an Answer (#10) to the Complaint (#1).

On November 30, 2010, Plaintiffs filed a Motion for Entry of Clerk's Default Against Sheree Patton (#12), and on December 1, 2010, default was entered (#13) against Sheree Patton. Sheree Patton has not made an appearance in the case to this date.

Defendants' Motion to Dismiss (#9) was initially stayed by stipulation (#15) and Order (#16) until January 20, 2011 while the parties attempted to settle the dispute. On January 13, 2011, Defendant Robert Turner filed a Suggestion of Bankruptcy (#22) and the action was stayed (#24) against Robert Turner. The case resumed against all other Defendants after January 20, 2011. On February 10, 2011, Plaintiffs filed their opposition (#25) to the Motion to Dismiss (#9). On February 22, 2011, Defendant Billy Patton filed his reply (#28) in support of his Motion to Dismiss (#9).

On February 10, 2011, Plaintiffs filed a Motion for Summary Judgment (#26) and a Motion for Default Judgment against Sheree Patton (#27). Before any response was filed to Plaintiffs' Motions (##26, 27), Defendants' attorney made a Motion to Withdraw as Attorney (#29), which was granted on March 24, 2011. Defendants have not found substitute counsel in the interim for either individual Defendant Billy Patton, or entity Defendant Patton & Patton.

After the initial failure to oppose the Motion for Summary Judgment (#26), Defendants were granted an extension[1] to respond to the Motion for Summary Judgment (#26) by August 11, 2011, and to find substitute counsel for Patton & Patton. Defendants have failed to respond or show excusable neglect for their delay.

Defendants' Motion to Dismiss Individual Defendants (#9) is **DENIED** as it applies to Billy Patton on the basis that Plaintiffs' Complaint (#1) sets out legally sufficient claims of breach of fiduciary duty and misappropriation of trust assets against the individual Defendants. The Motion to Dismiss (#9) remains stayed against Defendant Robert Turner due to bankruptcy.

Plaintiffs' Motion for Summary Judgment (#26) is **GRANTED** on the basis that Plaintiffs have shown that there is a collective bargaining agreement that obligated Defendants to pay monthly fringe benefit contributions, and

---

[1] We noted in our Order (#38) that Defendant Patton & Patton may not appear without counsel, and that a default may be taken against Patton & Patton if the situation is not remedied. Patton & Patton may not be granted an extension to respond to a motion without counsel.

an audit revealed that Defendants had failed to make such contributions for the time period between July 7, 2009 and December 31, 2009.  The collective bargaining agreement subjects Defendants to contractual liquidated damages, interest, and attorney's fees.  Plaintiffs have also set forth evidence that Billy Patton is a fiduciary and therefore liable for breach of his fiduciary duties.

Defendants have failed to respond to the Motion for Summary Judgment (#26) despite the Court's attempt to extend the response time.  Plaintiffs' Motion for Summary Judgment (#26) appears well-taken and is unopposed, and therefore we hold that Plaintiffs are entitled to their contractual liquidated damages, audit fees, interest, and attorney's fees.  Plaintiffs included evidence supporting their requested damages and fees in this case that appears reasonable and in accordance with the terms of the breached agreement.

Plaintiffs' Motion for Default Judgment (#27) shows that Sheree Patton was a corporate officer and controlling shareholder of Patton & Patton, and that as president of Patton & Patton, Sheree Patton signed the agreement that was breached.  Sheree Patton has failed to make an appearance in this case and default was entered against her on December 1, 2010.  Therefore, Plaintiffs' Motion for Default Judgment (#27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit a proposed order concisely describing the requested damages and updated fees within twenty-eight (28) days of the date of entry of this Order.

LANCE S. WILSON, CLERK

By _____/s/_____
       Deputy Clerk