**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA, et al,<br><br>    Plaintiffs,<br><br>vs.<br><br>PATTON & PATTON MARBLE & GRANITE, INC., a Nevada corporation; SHEREE PATTON, individually; BILLY PATTON, individually; and ROBERT TURNER, individually,<br><br>    Defendants. | 2:10-cv-01867-ECR-RJJ<br><br><br><br><br><br>**Amended Order** |

On August 12, 2011, this Court entered an Order (#41) granting Plaintiffs' Motion for Summary Judgment (#26) against Patton & Patton Marble & Granite, Inc. ("Patton & Patton") and Billy Patton and denying Billy Patton's Motion to Dismiss (#9).

Upon reconsideration, we issue this amended Order denying summary judgment against Billy Patton.  Billy Patton appeared in this case and filed a Motion to Dismiss (#9) which was denied in our Order (#41).  On February 11, 2011, Plaintiffs filed a Motion for Summary Judgment (#26) against Patton & Patton and Billy Patton.  Thereafter, Billy Patton and Patton & Patton's attorney filed a

1  Motion to Withdraw as Attorney (#29), which was granted (#35) on
2  March 24, 2011.
3       Billy Patton has not found substitute counsel, nor participated
4  in any proceedings since the withdrawal of his attorney.  This Court
5  granted an extension to respond to the Motion for Summary Judgment
6  (#26) until August 11, 2011.  The Motion for Summary Judgment (#26)
7  remained unanswered, and we granted the Motion for Summary Judgment
8  (#26) on August 12, 2011.
9       However, upon reconsideration, we find that Plaintiffs did not
10 carry their burden against Patton.  We originally granted the Motion
11 (#26) because Plaintiffs put forth a prima facie case against
12 Patton, and the Motion (#26) was unanswered despite prompting by the
13 Court after Patton initially appeared in the action.  While
14 Plaintiffs set forth evidence showing that there exists an agreement
15 between Plaintiffs and Patton & Patton[1], Plaintiffs have not
16 presented sufficient evidence that Billy Patton was a controlling
17 shareholder of Patton & Patton, a fiduciary to Plaintiffs, and
18 personally liable for the unpaid fringe benefits or for
19 misappropriating trust assets.  Simply declaring that Billy Patton
20 is a controlling shareholder and therefore personally liable for all
21 the damages sought for breach of a contract that Billy Patton was
22 not a party to is not enough for summary judgment purposes, despite
23 Billy Patton's failure to respond to the Motion (#26).  Therefore,

---

[1] Plaintiffs have submitted the signed agreement between Plaintiffs and Patton & Patton, signed for by Sheree Patton, as well as detailed declarations supporting the damages sought herein.

2

we amend our previous Order (#41) and deny the Motion for Summary Judgment (#26) with respect to Billy Patton.

On August 12, 2011, Plaintiffs filed a proposed order (#40) in anticipation of our own Order (#41) filed later on the same day. We decline to adopt the proposed order (#40) because we deny summary judgment with respect to Billy Patton, but incorporate part of the findings and conclusions from the proposed order (#40) herein as follows:

**FINDINGS OF FACT**

1. Defendant Patton & Patton is a signatory to a Labor Agreement with Bricklayers & Allied Craftworkers Local 13 Nevada ("Local 13").

2. Patton & Patton is required, pursuant to the Labor Agreement, to report and pay fringe benefit contributions to the Plaintiffs on a monthly basis.

3. Patton & Patton failed to make such reports for the time period of July 7, 2009 through December 31, 2009.

4. Pursuant to the Labor Agreement, Plaintiffs' authorized agent conducted audits of Patton & Patton's records for the time period of July 7, 2009 through December 31, 2009. Fees incurred for these audits are $26,789.49.

5. Through these audits, Plaintiffs discovered that Patton & Patton had failed to make the $74,487.49 in requisite fringe benefit contribution payments; $7,111.77 in Local 13 dues check-off; contract admin.; assoc. contract admin.; compliance; and BAC PAC; $14,334.60 in liquidated damages; $6,192.70 in interest for the time period of July 7, 2009 through December 31, 2009.

6. Plaintiffs were required to retain the services of an attorney in order to recover amounts due and have incurred $26,932.50 in attorneys' fees and $796.15 in costs in prosecuting this matter, to date.

**CONCLUSIONS OF LAW**

1. Patton & Patton had the fiduciary duty to report and pay fringe benefit contributions to Plaintiffs on a monthly basis.

2. Patton & Patton's failure to report and pay such fringe benefit contribution amounts to a breach of the Labor Agreement.

3. Unpaid (but due and owing) contributions constitute assets of the Plaintiff Trusts.

4. Accordingly, Patton & Patton is liable to Plaintiffs for the following amounts: $74,487.49 in fringe benefit contributions; $7,111.77 in Local 13 dues check-off; contract admin.; assoc. contract admin.; compliance; and BAC PAC; $14,334.60 in liquidated damages; $6,192.70 in interest through October 25, 2010; $26,789.49 in audit fees; and $27,723.65 in attorneys' fees and costs.

Because the case is currently stayed against Defendant Robert Turner due to bankruptcy, and claims remain against Billy Patton, we decline to enter judgment at this time.

**IT IS, THEREFORE, HEREBY ORDERED** that our previous Order (#41) is **AMENDED** to hold that the Motion for Summary Judgment (#26) is **GRANTED IN PART AND DENIED IN PART** on the following basis: summary judgment is granted with respect to Defendant Patton & Patton Marble & Granite, Inc., and denied with respect to Defendant Billy Patton.

4

The previous Order (#41) stands with respect to the Motion to Dismiss (#9) and the Motion for Default Judgment (#27).

**IT IS FURTHER ORDERED** that at such time as final judgment is entered with respect to all parties and all claims, judgment will be entered in favor of Plaintiffs TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, and against Defendant PATTON & PATTON MARBLE & GRANITE, INC. in the following amounts:

| Item | Amount |
|---|---|
| Unpaid monthly contributions (including unpaid dues check-off) (July 7, 2009 through December 31, 2009) | $ 74,487.49 |
| Liquidated damages for unpaid monthly contributions (July 7, 2009, through December 31, 2009) | $ 14,334.60 |
| Pre-Judgment interest for unpaid monthly contributions | $ 6,192.70 |
| Dues check-off; Contract Admin.; Assoc. Contract Admin.; and PAC | $ 7,111.77 |
| Audit fees | $ 26,789.49 |
| Attorneys' fees | $ 26,932.50 |
| Costs | $ 796.15 |

5

**Total Judgment Amount    $156,644.70**

Post-judgment interest shall accrue on the Total Judgment Amount.

DATED: September 9, 2011.

_____
UNITED STATES DISTRICT JUDGE